ATTACHMENT A

IN THE SUPERIOR COURT OF BIBB COUNTY
STATE OF GEORGIA

FILED
CLERK'S OFFICE

2015 SEP -5  AM 7:31

ERICA WOODFORD, CLERK
SUPERIOR COURT
BIBB COUNTY GEORGIA

| | |
|---|---|
| EDGAR T. COOK, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| L.E. SCHWARTZ & SON, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

Civil Action No. _____

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

Plaintiff Edgar T. Cook, III ("Cook") files this Complaint for Damages against Defendant L.E. Schwartz & Son, Inc. ("Schwartz" or "Company") based on the following:

### SUMMARY OF ACTION

1.

Plaintiff Cook is suing Defendant Schwartz for damages suffered due to breach of contract. Schwartz employed Cook as the Company's Chief Financial Officer. Cook's compensation was set out in a January 1, 2000 Employment Agreement. Among other forms of compensation, Schwartz promised to use best efforts to maintain Cook and his eligible family members on the Company's health insurance plan after Cook's retirement. Cook fulfilled all of his duties under the Employment Agreement and retired on December 31, 2014. Schwartz then removed Cook from the Company's health insurance plan. Schwartz's actions indicate bad faith and a lack of best efforts. Schwartz refused to

negotiate with Cook to resolve this dispute out of court. Cook now files this action for breach of contract, specific performance, costs, and attorneys' fees.

## PARTIES, JURISDICTION, AND VENUE

2.

Defendant Schwartz is a Georgia corporation with its principal place of business located in Bibb County at 279 Reid Street, Macon, GA. Defendant Schwartz may be served with a Summons and Complaint through its registered agent for service, Melvin I. Kruger, at 279 Reid Street, Macon, GA.

3.

Schwartz entered into an Employment Agreement ("Agreement") with Plaintiff Cook. A true and accurate copy of the Agreement is attached as Exhibit A and incorporated herein. The Agreement states that it "shall be interpreted under the laws of the State of Georgia and shall be binding upon the parties hereto and any legal successors whatsoever." A basis for this Complaint is the material breach of the Agreement.

4.

Therefore, the Superior Court of Bibb County has jurisdiction over the parties in this action and subject matter jurisdiction.

5.

Venue is proper in the Superior Court of Bibb County because the cause of action originated in this County, a substantial part of the business related to the contractual breach occurred in this County, and Defendant's principal place of business is located in the County.

## FACTUAL ALLEGATIONS

6.

Plaintiff Cook began working for Defendant Schwartz on June 22, 1987, in the position of Controller.  Cook oversaw all of Schwartz's accounting procedures, including payroll, costing, and finances.  Cook also served as Schwartz's corporate Secretary. During Cook's tenure as Controller, the company grew significantly, as did Cook's job responsibilities.

7.

On January 1, 2000, Steven Kruger, in his capacity as President of Schwartz, entered into the Employment Agreement with Plaintiff Cook.  Under the terms of the Agreement, Cook would serve as the Company's Chief Financial Officer.  Part of the consideration Schwartz offered Cook under the Agreement was a promise regarding Schwartz's continuation of Cook's health insurance after Cook's retirement.  Paragraph 11 of the Agreement reads as follows:

> *Health Insurance.  In the event the Employee terminates Employment*
> *with the Employer after December 31, 2004, the Employer shall use its*
> *best efforts to maintain the Employee and his eligible family members*
> *on the Employer's health plan, through an endorsement or otherwise,*
> *through the ten year period beginning on the Employee's Retirement*
> *Date or until the date of death of the Employee, whichever should come*
> *first. During such time period, the Employee shall, upon request by the*
> *Employer, provide consulting services to the Employer.*

8.

Plaintiff Cook considered the promise contained in Paragraph 11 of the Agreement to be an important part of the consideration Schwartz offered in return for Cook's promise to serve as Schwartz's CFO. Cook agreed to the contract's terms, and continued to work for Schwartz thereafter, in reliance upon this promise.

9.

As CFO of Schwartz, Plaintiff Cook was responsible for overseeing all company financial matters. He continued to serve as corporate Secretary. Plaintiff Cook satisfied all of his requirements and obligations to Schwartz under the Agreement.

10.

On December 31, 2014, Plaintiff Cook voluntarily retired from Schwartz. Cook did not negotiate a severance package, choosing instead to rely on the promises made by Schwartz under the Agreement. Cook would not have chosen to retire at this time and on these terms if he had known that Schwartz would not fulfill the promise in Paragraph 11 of the Employment Agreement.

11.

Until and at the time of his retirement, Cook received certain health insurance benefits under the Company's health insurance plan. Cook's spouse, Cindy Cook, also received those benefits as an eligible family member.

12.

At no time prior to Cook's retirement did Schwartz or its agents make Cook aware that they did not intend to keep the commitments Schwartz made under the Employment Agreement.

13.

Immediately after Cook retired, Schwartz requested, and Cook provided, consulting services as contemplated in Paragraph 11 of the Employment Agreement.

14.

Shortly after his December 31, 2014 retirement, while still performing the consulting services, Cook received a COBRA election form from Schwartz. Cook informed Schwartz's HR manager that Cook did not think it was proper to start COBRA coverage, because, under the terms of the Agreement, Schwartz had agreed to use best efforts to continue his Company health insurance.

15.

Schwartz's HR manager responded that Cook would not need to fill out the COBRA election form. Schwartz continued to maintain Cook and his spouse on the Company health insurance plan. Schwartz continued to request, and Cook continued to provide, consulting services.

16.

On June 19, 2015, Steven Kruger, President of Schwartz, sent Cook an email, informing Cook of Kruger's intent to terminate Cook's health insurance with the company as of the end of July 2015.

17.

On June 23, Cook, through his counsel, informed Schwartz, through President Kruger, that Cook believed Kruger's proposed action violated the terms of the Employment Agreement. Cook requested that Kruger reconsider his decision to terminate Cook's company health insurance.

18.

On July 31, Schwartz terminated Cook's company insurance coverage.  Schwartz, through counsel, informed Cook that Schwartz would not continue Cook's health care coverage and that Cook had no opportunity to appeal that decision.

19.

Defendant Schwartz did not use "best efforts" to maintain Plaintiff Cook on the Company's health insurance.  In fact, Schwartz made little or no effort to maintain Cook on the company insurance plan.  Despite the promise contained in Paragraph 11 of the Agreement, Schwartz immediately attempted to terminate Cook's health insurance upon his retirement.  When challenged, Schwartz continued Cook's health insurance for six more months, then again sought to, and did, terminate Cook's insurance.  The health insurance for Cook's spouse also was terminated at this time.

20.

Plaintiff Cook, through counsel, made multiple attempts to resolve this dispute prior to filing suit.  Schwartz refused to discuss a potential settlement.

## COUNT I
## BREACH OF CONTRACT

21.

Plaintiff realleges the allegations of Paragraphs 1 through 20 as if set forth fully herein.

22.

Defendant Schwartz has breached the Employment Agreement and its obligations thereunder by, among other things:

a.   Refusing to perform its contractual obligations generally in good faith and in a commercially reasonable manner as outlined above;

b.   Refusing to perform its contractual obligation to use best efforts to continue Plaintiff Cook's health care insurance;

c.   Generally acting in a manner that expressly and manifestly indicates that it will not perform its contractual obligations.

23.

Defendant Schwartz, without legal justification or excuse, has breached the Employment Agreement thereby rendering Schwartz in breach of contract and liable to compensate Plaintiff for any and all damages flowing from the breach.

## COUNT II
## DEMAND FOR SPECIFIC PERFORMANCE

24.

Plaintiff realleges the allegations of Paragraphs 1 through 23 as if set forth fully herein.

25.

Under the terms of the Employment Agreement, Schwartz has an obligation to use best efforts to maintain Plaintiff Cook and his eligible family members on Schwartz's health insurance plan.

26.

Plaintiff Cook met all his obligations under the Employment Agreement.

27.

Cook requests that this Court enter a Decree of Specific Performance and require that Schwartz resume coverage for Cook and his spouse under Schwartz's health insurance plan.

## COUNT III
## ATTORNEYS' FEES AND COSTS

28.

Plaintiff Cook realleges the allegations of Paragraphs 1 through 27 as if set forth fully herein.

29.

Schwartz acted in bad faith in breaching the Employment Agreement and is liable for attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

30.

Schwartz has been stubbornly litigious and has caused Cook unnecessary trouble and expense in having to file this suit.  Cook is entitled to recover damages from Schwartz for the costs of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff respectfully prays for and demands the following:

    A.  That summons and process issue requiring Defendant Schwartz to be served and appear as provided by law to answer the allegations of this Complaint;

    B.  That Plaintiff have a trial by jury of all issues so triable;

    C.  That Plaintiff recovers all damages against the Defendant in such an amount as a jury may determine from the evidence that he is entitled to recover under Georgia law, including, but not limited to:

a.  General damages in an amount based on the breach of the contract, or such other damages as provided by law and established at trial;

b.  Damages for Cook's economic loss;

c.  Damages for the future economic losses Cook may reasonably expect to incur as a result of the breach of the contract;

d.  Damages for the value of the benefits Cook was entitled pursuant to the agreement;

e.  Specific performance by ordering that Schwartz resume Cook's coverage under Schwartz's health insurance plan;

f.  Attorneys' fees and costs associated with the bringing and prosecuting of this action.

D.  For such other and further relief as this Court deems just and appropriate.


This the 8th day of September, 2015.

Respectfully submitted,
**THE ROESSING FIRM, LLC**


BY: _____
Matt Roessing
Georgia Bar No. 915056
Attorney for Edgar T. Cook, III


P.O. Box 1309
Milledgeville, GA 31059
478-227-0060
matt@roessinglaw.com

9

# Exhibit A

STATE OF GEORGIA
COUNTY OF BIBB

EMPLOYMENT AGREEMENT

THIS AGREEMENT, made and entered into as of the 1st day of January, 2000, by and between L. E. SCHWARTZ & SON, INC., a Georgia corporation, hereinafter referred to as "Employer", and EDGAR T. COOK, III, a resident of said State, hereinafter referred to as "Employee",

W I T N E S S E T H :

The parties, for and in consideration of the mutual and reciprocal covenants and agreements hereinafter contained, do contract and agree as follows, to-wit:

1. <u>Purpose and Employment</u>. The purpose of this Agreement is to define the relationship between the Employer as an employer and Employee as an employee of the Employer. Employer hereby employs Employee, and Employee hereby accepts employment by Employer upon all of the terms and conditions as are hereinafter set forth.

2. <u>Duties</u>. Employee is engaged on a full-time basis as the Vice President/CFO of Employer. The precise services of the Employee may be extended or curtailed, from time to time, at the direction of the Employer.

3. <u>Term</u>. The term of employment under this Agreement shall

begin January 1, 2000 and shall continue for each successive fiscal year of Employer thereafter unless and until terminated as hereinafter provided.

4. <u>Regular Compensation</u>. For all the services to be rendered by Employee in any employment-related capacity hereunder, the Employer shall pay to the Employee the weekly salary agreed upon by the Employer and the Employee, as the same may be amended from time to time.

5. <u>Working Facilities</u>. Employee shall be provided with an office and such other facilities and services suitable to his position and adequate for the performance of his duties.

6. <u>Expenses</u>. Employer shall reimburse the Employee for reasonable business expenses incurred by the Employee on behalf of the Employer.

7. <u>Records</u>. All records or personal and regular files concerning customers of the Employer or customers consulted or interviewed by Employee shall belong to and remain the property of Employer.

8. <u>Termination</u>. The employment of the Employee shall be terminated by the Employer or the Employee, upon giving two weeks written notice to the other, in which case the Employee shall be paid his compensation as set forth in Item 4 through his date of termination. In the event the employment of the Employee is terminated because of any act of forfeiture described in Item 9(B), then the Employer may terminate the Employee immediately without

giving two weeks notice.   No compensation shall be due and payable by the Employer to the Employee for any time period after termination of Employment, except as set forth in Item 9.

9.   <u>Deferred Compensation</u>.

A.   The Employer shall pay to the Employee Deferred Compensation, pursuant to the terms and provisions set forth herein, if and only if the Employee continues to work as a full-time employee for the Employer between the date of this Agreement and December 31, 2004  For purposes of this Agreement, the Employee will be deemed to be "full-time" during such time period if the Employee works at least forty (40) hours per week (exclusive of vacation) for the Employer, between the date of this Agreement and December 31, 2004.  Notwithstanding the foregoing, in the event the employment of the Employee with the Employer is terminated because of the death of the Employee before December 31, 2004, while still in the employ of the Employer, then Deferred Compensation shall be payable hereunder, even though the Employee shall not have worked for the Employer as a full-time employee until December 31, 2004.

B.   As set forth in the next succeeding items, the Deferred Compensation Amount payable to the Employee by the Employer shall commence upon his Retirement Date or date of death, whichever is first.   However, a condition precedent to his receiving the Deferred Compensation Amount is that the Employee does not commit an act of forfeiture during the time period between the date of this Agreement and his Retirement Date.   If the

Employee commits an act of forfeiture within such time period, then no Deferred Compensation Amount shall be payable by the Employer to the Employee hereunder at any time whatsoever. For purposes of this Agreement, an act of forfeiture shall include the following:

1. The commission of a felony by the Employee under federal or state law.

2. The Employee embezzling or otherwise improperly or unlawfully taking property of the Employer.

3. The Employee competing with the Employer in the roofing business, the sheet metal business, or any other business in which the Employer may then be engaged. For purposes of this Agreement, competing with the Employer shall include but not be limited to performing services as an employee, owner, partner, lender, stockholder or any other capacity on behalf of any competitor of the Employer, soliciting any customers or employee of the Employer or otherwise interfering with the business operation of the Employer.

C. The Deferred Compensation Amount payable by the Employer to the Employee shall be the Monthly Benefit set forth in the Attachment "A" based on the Retirement Date of the Employee. Such Monthly Benefit shall be payable by the Employer to the Employee for the ten year period commencing on the Retirement Date of the Employee. The Retirement Date of the Employee shall be April 4 next succeeding the termination of the employment of the Employee with the Employer. In the event the Employee dies within the ten year period after his Retirement Date, then such Monthly Benefit shall be payable to the Employee's spouse as of his date of death for the time period beginning on the Employee's death and ending ten years after the Employee's Retirement Date. If the Employee is not married on the date of his death, then such Monthly

Benefit shall be payable to the estate of the Employee for the time period beginning on the Employee's death and ending on the date ten years after the Employee's Retirement Date.  If the Employee is married as of his date of death but the spouse dies before the expiration of the ten year period after the Employee's Retirement Date, then such Monthly Benefit shall be payable to the estate of the Employee for the time period beginning on the date of death of the Employee's spouse and ending on the expiration of the ten year period after the Employee's Retirement Date.

D.        In the event the Employee dies while in the employ of the Employer before his Retirement Date, the Monthly Benefit payable by the Employer shall equal $4,833 per month.  Such Monthly Benefit shall be payable to the spouse of the Employee as of the date of his death  for the ten year period beginning on the date of the Employee's death.  If the spouse of the Employee dies within such ten (10) year period, then such Monthly Benefit shall continue to be payable to the estate of the Employee for the remainder of the ten (10) year period after the death of the spouse of the Employee. If the Employee is not married on the date of his death, then such Monthly Benefit shall be payable to the estate of the Employee for the time period beginning on the date of the death of the Employee and ending ten years after the Employee's death.

E.        The Monthly Benefit payable as Deferred Compensation Amount under this Agreement shall be payable as of the first day of any such month.

F.        With respect to the deferred compensation amount payable

hereunder, the Employee shall have the status of a general unsecured creditor of the Employer. The obligation of the Employer to pay the deferred compensation amount to the Employee as a promise to make benefit payments in the future, unsecured by any assets of the Employer. The Employee's right to benefit payments under this agreement are not subject to alienation, pledge or garnishment by creditors of the Employee.

10. Change of Control. In the event more than 50% of the common stock of the Employer is transferred to a person who is not a lineal descendant of Melvin I. Kruger, the Employer shall pay to the Employee a lump sum amount equal to the present value of the Employee's right to receive the Monthly Benefit. If the Employee had begun to receive the Monthly Benefit hereunder, the lump sum amount shall be based on the present value of the right to receive such Monthly Benefit for the remainder of the ten year period after his Retirement Date. If the Employee had not begun receiving such Monthly Benefit, the lump sum amount shall be based on the Employee's Monthly Benefit based on the April 4 next succeeding the date on which the Change of Control occurred. The interest rate used in computing the lump sum amount shall be based on the rate set by the Internal Revenue Service at such time.

11. Health Insurance. In the event the Employee terminates Employment with the Employer after December 31, 2004, the Employer shall use its best efforts to maintain the Employee and his eligible family members on the Employer's health plan, through an endorsement or otherwise, through the ten year period beginning on

the Employee's Retirement Date or until the date of death of the Employee, whichever should come first. During such time period, the Employee shall, upon request by the Employer, provide consulting services to the Employer.

12. <u>Governing Law</u>. This Agreement shall be interpreted under the laws of the State of Georgia and shall be binding upon the parties hereto and any legal successors whatsoever. No modification shall be made to this Agreement except in writing as signed by both parties hereto. If any portion of this Agreement shall be deemed invalid, the remaining terms and provisions shall continue in full force and effect.

13. <u>Paragraph Headings</u>. The paragraph headings contained in this Agreement are for convenience only and shall in no manner be construed as a part of this Agreement.

14. <u>Counterparts</u>. This Agreement is executed in multiple counterparts, each of which shall be deemed an original and together shall constitute one and the same agreement, with one counterpart being delivered to each party hereto.

15. <u>Claims Procedure</u>. If a benefit under this Agreement is not paid to the Employee or his Beneficiary and such person believes that he or she is entitled to receive it, a claim shall be made in writing to the Plan Administrator within sixty (60) days from the date payment was to be made. Such claim shall be reviewed by the Plan Administrator and the Employer. If the claim is denied, in full or in part, the Plan Administrator shall provide written notice within ninety (90) days setting forth the specific

reasons for denial. The notice shall include specific reference to the provisions of this Agreement upon which the denial is based and any additional material or information necessary to perfect the claim, if any. Such written notice shall also include the steps to be taken if a review of the denial is desired.

If the claim is denied and a review is desired, the Claimant shall notify the Plan Administrator in writing within sixty (60) days. A claim shall be treated as denied if the Plan Administrator does not take action in the aforesaid ninety (90) day period. In requesting a review, the Claimant may review this Plan or any documents relating to it and submit any written issues and comments he or she may feel appropriate. In his or her sole discretion the Plan Administrator shall then review the claim and provide a written decision within sixty (60) days. This decision likewise say state the specific provisions of this Agreement upon which the decision is based.

The President of the Employer is hereby designated as the Named Fiduciary and Plan Administrator of this Agreement.

IN WITNESS WHEREOF, Employer has hereunto caused this Agreement to be executed by its duly authorized officers and its seal to be hereunto affixed, and Employee has hereunto set his hand and seal, all being done in duplicate originals with one original being delivered to each party on the day and year first above written.

**EMPLOYER:**

L.E. SCHWARTZ & SON, INC.

(Corporate Seal)

By: _Steven L Kruger_____

President

EMPLOYEE:

_Edgar T. Cook III_____ (L.S.)

EDGAR T. COOK, III

L. E. Schwartz & Son, Inc.
Attachment "A"

Employee:        Edgar T. Cook, III

Date of Birth:   ███████ 1958

| Retirement Age | Retirement Date | Annual Benefit | Monthly Benefit |
|---|---|---|---|
| 56 | 4/4/14 | 28,700 | 2,392 |
| 57 | 4/4/15 | 32,700 | 2,725 |
| 58 | 4/4/16 | 36,700 | 3,058 |
| 59 | 4/4/17 | 40,700 | 3,392 |
| 60 | 4/4/18 | 44,700 | 3,725 |
| 61 | 4/4/19 | 48,700 | 4,058 |
| 62 | 4/4/20 | 52,700 | 4,392 |
| 63 | 4/4/21 | 56,700 | 4,725 |
| 64 | 4/4/22 | 60,700 | 5,058 |
| 65 | 4/4/23 | 64,700 | 5,392 |
| 66 | 4/4/24 | 69,700 | 5,808 |
| 67 | 4/4/25 | 74,700 | 6,225 |
| 68 | 4/4/26 | 79,700 | 6,642 |
| 69 | 4/4/27 | 84,700 | 7,058 |
| 70 | 4/4/28 | 89,700 | 7,475 |
| 71 | 4/4/29 | 94,700 | 7,892 |
| 72 | 4/4/30 | 99,700 | 8,308 |
| 73 | 4/4/31 | 104,700 | 8,725 |
| 74 | 4/4/32 | 109,700 | 9,142 |
| 75 | 4/4/33 | 114,700 | 9,558 |

The above schedule represents the benefit payable to Edgar T. Cook, III
upon his retirement with L. E. Schwartz & Son, Inc. based on various
retirement dates.



FILED
CLERK'S OFFICE
2015 OCT 15  PM 4: 45
WOODFORD, CLERK
SUPERIOR COURT
BIBB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF BIBB COUNTY
## STATE OF GEORGIA

EDGAR T. COOK, III,        )
                                 )
        Plaintiff,       )
                                 )
v.                             )     **Civil Action No.: 2015CV063411**
                                 )
L.E. SCHWARTZ & SON, INC.,   )
                                 )
        Defendant.     )

## ANSWER

COMES NOW L.E. Schwartz & So, Inc. (hereinafter "Defendant"), by and through counsel, Constangy, Brooks, Smith & Prophete, LLP, and answers the Complaint as follows:

## FIRST DEFENSE

In answer to the specific allegations of the Complaint, Defendant responds as follows:

1.    Defendant admits only that Plaintiff was employed as Defendant's Chief Financial Officer, that Plaintiff and Defendant entered into an employment agreement on January 1, 2000 which speaks for itself, that Plaintiff retired on December 31, 2014, and that Plaintiff was removed from Defendant's health insurance plan. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint and specifically denies any inferences of wrongdoing.

## PARTIES, JURISDICTION, AND VENUE

2.    Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.    As to the allegations contained in Paragraph 3 of the Complaint, Defendant admits only that Exhibit A to the Complaint is a true and accurate copy of an Employment Agreement

1

3616812v.1

between Plaintiff and Defendant and that the agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in Paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6.      Defendant admits the allegations contained in the first three sentences of Paragraph 6 of the Complaint and admits that, the company and the volume of Plaintiff's job responsibilities grew significantly during Plaintiff's tenure as Controller. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7.      As to the allegations contained in Paragraph 7 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9.      Defendant admits the allegations contained in the first two sentences of Paragraph 9 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 9 of the Complaint, and therefore denies the same.

10.     Defendant admits the allegations contained in the first sentence of Paragraph 9 of the Complaint and that Plaintiff did not negotiate a severance package. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 10 of the Complaint, and therefore denies the same.

3616812v.1

11.     Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     As to the allegations contained in Paragraph 13 of the Complaint, Defendant admits only that Defendant consulted with Plaintiff with respect to certain matters during the first several weeks following his retirement.  Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant admits the allegations contained in the first two sentences of Paragraph 15 of the Complaint and that Defendant consulted with Plaintiff with respect to certain matters during the first several weeks following his retirement. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18.     As to the allegations contained in Paragraph 18 of the Complaint, Defendant admits only that Defendant terminated Plaintiff's health insurance coverage and that Defendant would not continue Plaintiff's health insurance.  Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.     As to the allegations contained in Paragraph 19 of the Complaint, Defendant admits only that the health insurance coverage for Plaintiff and his spouse was terminated. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Defendant admits the allegations contained in Paragraph 20 of the Complaint.

3

3616812v.1

COUNT I
BREACH OF CONTRACT

21.      In response to the allegations contained in Paragraph 21 of the Complaint, Defendant

adopts and incorporates by reference its responses to Paragraphs 1 through 20 above, as if fully

stated herein.

22.      Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.      Defendant denies the allegations contained in Paragraph 23 of the Complaint.

COUNT II
DEMAND FOR SPECIFIC PERFORMANCE

24.      In response to the allegations contained in Paragraph 24 of the Complaint, Defendant

adopts and incorporates by reference its responses to Paragraphs 1 through 23 above, as if fully

stated herein.

25.      As to the allegations contained in Paragraph 25 of the Complaint, Defendant admits only

that the Employment Agreement speaks for itself.  Defendant denies the remaining allegations

contained in Paragraph 25 of the Complaint.

26.      Defendant lacks knowledge or information sufficient as to form a belief about the truth of

the allegations contained in Paragraph 26 of the Complaint, and therefore denies the same.

27.      As to the allegations contained in Paragraph 27 of the Complaint, Defendant admits only

that Plaintiff seeks the relief alleged.  Defendant denies the remaining allegations contained in

Paragraph 27 of the Complaint and specifically denies that Plaintiff is entitled to a decree of

specific performance or any other relief.

3616812v.1

## COUNT III
## ATTORNEYS' FEES AND COSTS

28.     In response to the allegations contained in Paragraph 28 of the Complaint, Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 27 above, as if fully stated herein.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in the Prayer for Relief, including subparagraphs A through D, and further denies that Plaintiff is entitled to the relief prayed for, or to any relief whatsoever.

32.     Defendant denies any and all remaining allegations contained in the Complaint other than those allegations specifically admitted in paragraphs 1-31 above.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred because Defendant's actions were reasonable, in good faith and without malice at all times and in conformance with all applicable state and federal statutes, codes, regulations and all documents and instruments governing the applicable benefit plan.

### FOURTH DEFENSE

Plaintiff's damages, if any, were proximately caused by the acts, omissions or breaches of other persons and entities, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

5

### FIFTH DEFENSE

To the extent that Plaintiff failed to take all reasonable steps to reduce and/or mitigate his alleged damages, Plaintiff's claims against Defendant are barred or limited accordingly.

### SIXTH DEFENSE

All of Plaintiff's claims are barred by preemption pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and, accordingly, such claims must be dismissed as a matter of law.

### SEVENTH DEFENSE

To the extent Plaintiff's Complaint is interpreted to include claims for compensatory, consequential, and/or punitive damages, or a right to a jury trial, such claims are barred by ERISA.

### EIGHTH DEFENSE

Plaintiff lacks standing to bring claims on behalf of his spouse.

### NINTH DEFENSE

Defendant reserves the right to plead other affirmative defenses which may become known during its continuing investigation and during discovery in this case.

WHEREFORE, Defendant respectfully requests that:

(a)     The Complaint be dismissed;

(b)     Judgment be entered for Defendant;

(c)     Plaintiff take nothing;

3616812v.1

(d)     Defendant be awarded its costs in defending this matter; and

(e)     Defendant be awarded such other and further relief as this Court deems proper.

Respectfully submitted this 15th day of October, 2015.

W. JONATHAN MARTIN II
Georgia Bar No. 474590
JOHN L. WELTIN
Georgia Bar No. 264352

CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP
577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA  31202-1975
(478) 750-8600
(478) 750-8686 (facsimile)
jweltin@constangy.com
jmartin@constangy.com

R. CARL CANNON
Georgia Bar No. 108000

CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP
230 Peachtree St., N.W.
Suite 2400
Atlanta, GA 30303
(404) 525-8622
ccannon@constangy.com

7

3616812v.1

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a copy of the foregoing Defendant's

ANSWER upon the following person(s), by depositing same in the United States mail, postage

prepaid, addressed as follows:

Matt Roessing
The Roessing Firm, LLC
PO Box 1309
Milledgeville, GA 31059

Dated this 15th day of October, 2015.

W. JONATHAN MARTIN II
Georgia Bar No. 474590

CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP
577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
(478) 750-8686 (facsimile)

8

3616812v.1